26  433
82  283

GERHARD W. GARRELS, IMPLEADED WITH GEORGE W. CONE,

v.

HUGH R. MORTON ET AL.

*Trust Deed—Foreclosure—Agency—Extent of Authority—Payment.*

1. One who deals with an agent is bound to know the extent of his authority.

2. The authority of an agent who has made a loan, to receive payment, may be inferred from his having made the loan and retained the securities.

3. The burden of proof is on the debtor to show that the securities were in the custody of the agent at time of payment. Neither the collection of other securities, nor of the interest on the debt in question, is sufficient to raise an implied authority in the agent to receive payment.

[Opinion filed May 1, 1888.]

APPEAL from the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. W. C. KUEFFNER and T. E. MERRITT, for appellant.

Mr. HENRY C. GOODNOW, for appellees.

WILKIN, J. The decree presented by this record is in all respects like that reversed at our August term, 1886. The contention is also the same. The answer of appellee has been so amended as to present the correct theory of his defense and some additional proof introduced on the last hearing, but the facts are not materially changed. The statement of the case found in Vol. 21 of Appellate Court reports beginning on page 381 will therefore be sufficient for the purpose of this opinion.

Counsel for appellee seem to understand our former opinion as holding the law to be with him on a proper state of pleading, but it was not so intended and we fail to find anything in it to justify such an inference. The averments and admissions of the answer in the former record precluded the consideration of the merits of the case on the theory of the defense and the reversal was upon that ground alone. The trust deed not having been assigned and no notice of the transfer of the notes having been given, the deed only passed to appellant as an incident to the notes, and the assignee took it subject to all equities existing between the mortgagor or his grantees, and the mortgagee, and therefore any payment to F. Ryhiner & Company and valid agreement by them with Myer or his grantee, Morton, to release the forty-acre tract in question, would be available against appellee Garrels, notwithstanding he is an innocent purchaser of the notes before maturity. Jones on Mortgages, Sec. 817 and 820, and cases cited; Towner v. McClelland, 110 Ill. 551.

If, therefore, the alleged payment and agreement to release appellee's land can be held binding as against F. Ryhiner & Company, the appellant is equally bound and the decree is right.

There is no pretense that the payment or agreement was made to and with the firm, but the allegation and proof is that the entire transaction was with George W. Cone, their agent. Neither is it claimed by appellee that the firm of F. Ryhiner & Company had any notice of such payment or contract, that they in any way ratified the same, or received the

proceeds of the payment. Hence, in order to bind them by that transaction, either as a payment on the mortgage debt or an agreement to discharge the lien of the trust deed, the proof must establish, first, that a payment was made to Cone; second, that he agreed in consideration thereof to discharge appellee's land; and third, that he was the agent of Ryhiner & Company authorized to receive the payment and make the contract. The evidence is very unsatisfactory and conflicting on both the first and second of the above propositions; but giving appellee the benefit of the assumption that both are sustained by the proof, the question still remains, is the agency and authority of Cone established. There is no direct proof of agency except that Cone himself testifies that he had authority to receive the interest but not the principal. Appellee's proof is all circumstantial, consisting of proof of the facts that Cone negotiated the loan for which the notes and trust deed were executed; that about the time of the payment and agreement insisted upon he did receive payment of and procure a discharge of another mortgage held by them on lands of Myer; that he took this $1,200 and loaned it, taking notes payable to F. Ryhiner & Company. Cone, however, swears that the blank notes payable to the firm were used in loaning the money for Myer as a matter of preference in form and that they were immediately assigned to Myer, and there is no dispute as to the fact that Ryhiner & Company never received any benefit whatever from the money.

Nor is there any pretense of proof, either direct or circumstantial, from which it can be inferred that either the notes or trust deed were in the hands of Cone at that or any time, or that appellee so understood. On the contrary, his testimony shows clearly that he knew they were held by some one else from whom the release was to be obtained. Admitting that the proof is sufficient to establish the relation of principal and agent between Ryhiner & Company and Cone, yet, when the rules of law are applied to the facts on the question of his authority to receive payment and bind his principal by his contract to release the land, the defense wholly fails. The authority of an agent to receive payment may be inferred from his having made the loan and retained the securities,

but this inference is founded on his custody of the notes and ceases when they are withdrawn.

The burden of proof is on the debtor to show that the securities were in the custody of the agent at the time of the payment. Williams v. Walker, 2 Sandf. Ch. 225, and authorities cited; Smith v. Kidd, 68 N. Y. 130.

The collection of other securities or even a part of the existing debt is not sufficient to raise an implied authority in the agent to receive payment. Smith v. Kidd, *supra*, 28 N. J. Eq. 13.

Express authority to collect interest is not sufficient to authorize the collection of the principal. Same cases.

The rule has been strictly adhered to in all the adjudged cases that the possession of the securities by the agent is the indispensable evidence of his authority to collect the principal, and in Smith v. Kidd, *supra*, it is said any other principle would be dangerous in the extreme. Jones on Mortgages, Sec. 964.

No one will deny that a payment to an agent authorized to receive it is good, and that such authority may be shown by express contract, usage of trade, or the particular mode of dealing between parties; but this principle is not in conflict with the above authorities nor does the proof in this case bring it within this rule. It is a familiar principle that a person dealing with an agent is bound to know his authority. If hardship or loss falls upon appellee it results from his failure to do so in his dealing with Cone. We have examined this record carefully and considered the decree in every view of the law presented by the learned counsel for appellee. We have treated it precisely as though it were a decree between Ryhiner & Company and appellee, and we are unable to find authority of law under the most favorable view of the facts, to sustain it. That our judgment may be reviewed by the Supreme Court without the delay of another hearing below, the decree will be reversed and the case remanded with directions to the Circuit Court to render a decree of foreclosure against all of the land included in the trust deed not exempting that held by appellee Morton.

*Reversed and remanded.*